**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANISH KAPOOR, | |
| Plaintiff, | |
| v. | No. 1:18-cv-04252 |
| | Judge John Z. Lee |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | Magistrate Judge Daniel G. Martin |
| Defendant. | |

## DEFENDANT'S MOTION TO DEFER MIDP REQUIREMENTS AND OTHERWISE STAY DISCOVERY

Defendant National Rifle Association of America ("NRA"), by and through its counsel, hereby moves to defer the requirements of the Mandatory Initial Discovery Pilot Project ("MIDP") and otherwise stay discovery pending resolution of the NRA's motion to transfer. The Court's Standing Order Regarding Mandatory Initial Discovery Pilot Project (the "Standing Order") provides that the MIDP requirements can be deferred pending the Court's consideration of personal jurisdiction. Given that the NRA has filed, contemporaneously with this Motion, a motion to transfer this case to the U.S. Eastern District of Virginia for, among other things, lack of personal jurisdiction, the Court should defer the MIDP requirements. Moreover, regardless of the conditions outlined in the Standing Order, the Court should exercise its broad discretion to stay all discovery in this matter pending resolution of the NRA's motion to transfer.

## I.      Background

Plaintiff Anish Kapoor ("Plaintiff") alleges that the NRA violated his alleged copyright in the Cloud Gate sculpture in Chicago by showing an image of Cloud Gate at the 17-second mark

of a one-minute video titled "The Violence of Lies" (the "Video").  (*See* Complaint, Docket Entry 1, ¶¶ 14-15).  Plaintiff alleges that the video was "broadcast on television and the internet" and solicited viewers to join the NRA.  (*Id.* ¶¶ 14, 16).  However, as set forth more fully in the NRA's motion to transfer, the Complaint fails to adequately allege personal jurisdiction and venue is improper.  Accordingly, this case should be transferred to the U.S. Eastern District of Virginia pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406.  The Court also should transfer this case pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the witnesses and parties.

## II.     Argument

It is unreasonable to proceed with discovery — particularly the U.S. Northern District of Illinois's unique MIDP requirements — while the NRA's motion to transfer is pending because entirely different rules will apply if this case is transferred to the U.S. Eastern District of Virginia.  Thus, the Court should (1) defer the MIDP requirements and (2) stay any other discovery pending a ruling on the motion to transfer. [1]

### A.     The Court should defer the MIDP requirements.

Pursuant to the Court's Minute Entry of June 29, 2018, this case is subject to the MIDP requirements.  (*See* Docket Entry 14).  Under Section A.3 of the Standing Order, the Court has the discretion to defer the time for complying with the MIDP requirements for good cause shown while the Court considers a personal jurisdiction motion.  As set forth more fully in the NRA's

---

[1] Even if this Court retains this case, discovery is not necessary to decide the core issue, which is whether the NRA's use of a less-than-one-second clip of Cloud Gate in the Video is a fair and/or *de minimis* use.  The Seventh Circuit has held that a fair use defense to copyright infringement can be addressed at the Rule 12 stage when the only two pieces of evidence needed to decide the question of fair use are the original work and the allegedly infringing work.  *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).  That is the case here.  The Court need not review anything more than Cloud Gate and the Video to determine that the use is a fair and/or *de minimis* use.

contemporaneously filed motion to transfer, Plaintiff has failed to plead a *prima facie* case of personal jurisdiction over the NRA, thus personal jurisdiction is lacking.  Good cause exists to defer the MIDP requirements because a ruling in the NRA's favor on its motion to transfer would indicate that this Court lacks jurisdiction over the NRA.  In those circumstances, it would be unjust and unreasonable for the Court to impose the MIDP requirements on the NRA.  Other courts in this District have not hesitated to set aside the MIDP requirements (and stay discovery generally) under similar circumstances.  *See, e.g., Kotlyar v. The University of Chicago Medical Center*, Case No. 17-cv-04729 (N.D. Ill.) (Docket Entry 20) (staying MIDP requirements); *Kotlyar v. The University of Chicago Medical Center*, 2017 WL 5911287, *1 (N.D. Ill. Nov. 30, 2017) (staying case entirely); *Lamberis v. QuoteWizard.com, LLC*, Case No. 17-cv-05678 (N.D. Ill.) (Docket Entry 21) (staying MIDP requirements).

The Court therefore should defer the MIDP requirements until after the motion to transfer is resolved.

### B.    The Court should stay all discovery requirements.

The Court also should exercise its broad discretion to stay all discovery pending resolution of the NRA's motion to transfer.  Discovery should be stayed to promote efficiency, court convenience, and cost savings.  Federal Rule of Civil Procedure 26(c) allows the Court, upon a showing of "good cause" to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [ordering that] discovery not be had."  The Court therefore has broad authority to issue a stay if circumstances warrant it.  *See, e.g.*, *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In deciding whether to grant a stay pending a motion to transfer, the Court should consider: "(1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul v. Aviva Life and Annuity Co.*, 2009 WL 2244766, *2 (N.D. Ill. July 27, 2009).

Here, all of the factors favor a stay of discovery. Judicial economy favors a stay so that the Court does not expend valuable judicial resources familiarizing itself with a case that may be transferred to another court. Plaintiff will not be prejudiced by a short stay pending resolution of the NRA's motion to transfer because this case is in its infancy and there is no risk that the information available in discovery will be impacted by a stay. This is particularly true given that, according to the Complaint, the Video was released in April 2017 and Plaintiff learned about it in June 2017 (Compl, ¶¶ 22-23), meaning he waited more than a year after publication — and nearly a year after he allegedly learned about the Video — to take any legal action.[2]

Finally, it would be inequitable to the NRA for discovery to proceed because the NRA would be forced to litigate not only in an inconvenient forum, but also in a forum where personal jurisdiction and venue are lacking. Moreover, Plaintiff's case is so facially flawed that it would be inequitable for the Court to force the NRA to engage in discovery — much less discovery in multiple jurisdictions. The incidental appearance of Cloud Gate in the Video as part of a

---

[2] Notably, Plaintiff told *The Washington Post* in March 2018 that he had "given up hope for successful negotiation or litigation." *See* Kennicott, Philip, "One of the world's greatest sculptors warns America about the NRA," *The Washington Post,* March 12, 2018 (available at https://www.washingtonpost.com/entertainment/museums/one-of-the-worlds-greatest-sculptors-warns-america-about-the-nra/2018/03/12/09dec41a-23cc-11e8-badd-7c9f29a55815__story.html?utm_term=.ce312a3e62ac) (last visited August 2, 2018). In light of that position, it is difficult to imagine how he could be harmed by a brief stay of discovery.

Chicago landscape is simply not a copyright violation. *See Bouchat v. Baltimore Ravens Ltd. P'ship*, 737 F.3d 932, 949 (4th Cir. 2013) ("The uses here were not only transformative, but also — take your pick — fleeting, incidental, *de minimis*, innocuous.  If these uses failed to qualify as fair, a host of perfectly benign and valuable expressive works would be subject to lawsuits."); *Ty, Inc. v. Publ'Ns Int'l,* 292 F.3d 512, 522 (7th Cir. 2002) (holding that complementary copying "does not impair the potential market or value of the copyrighted work except insofar as it criticizes the work, which is the opposite of taking a free ride on its value").

Accordingly, the Court should exercise its discretion and stay all discovery in this case pending resolution of the motion to transfer.

**III.    Conclusion**

For the foregoing reasons, the Court should enter an order deferring the MIDP requirements and otherwise staying discovery pending a ruling on the NRA's contemporaneously filed motion to transfer.

<u>**NOTICE OF MEET AND CONFER**</u>

Pursuant to the Court's Case Procedures, the NRA's counsel met and conferred with opposing counsel regarding the relief sought in this Motion.  Plaintiff's counsel indicated that Plaintiff objects to this motion.

Respectfully submitted,

NATIONAL RIFLE ASSOCIATION OF
AMERICA

By:     /s/ Blaine C. Kimrey                      
           One of its attorneys

Blaine C. Kimrey
Bryan K. Clark
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  August 15, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2018, a copy of the foregoing was electronically filed in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.


*/s/ Blaine C. Kimrey* _____