**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANISH KAPOOR, ) | |
| ) | |
| Plaintiff, ) | No. 1:18-cv-04252 |
| ) | |
| v. ) | |
| ) | Honorable John Z. Lee |
| NATIONAL RIFLE ASSOCIATION ) | |
| OF AMERICA, ) | Magistrate Judge Daniel G. Martin |
| ) | |
| Defendant. ) | |

**JOINT INITIAL STATUS REPORT**

In accordance with the Court's Standing Order and Minute Entry of June 29, 2018, the Parties hereby submit the following Joint Initial Status Report:

1. **Nature of the Case:**

   a. **Attorneys**: Attorneys for Plaintiff are Nicholas A. Carlin and M. Jake Feaver of the law firm Phillips, Erlewine, Given & Carlin LLP. They are members of the California Bar. Their motions to appear *pro hac vice* were granted on June 25, 2018. Jeffrey S. Becker, of Swanson, Martin & Bell LLP is local counsel for Plaintiff. He is admitted to the Illinois Bar and the Northern District of Illinois. If this case proceeds to trial in this District, Nicholas A. Carlin will serve as lead trial counsel for the plaintiff.

   Defendant National Rifle Association of America is represented by Blaine C. Kimrey and Bryan K. Clark of Vedder Price P.C. Both are members of the Illinois Bar and are admitted to the Northern District of Illinois (including the Trial Bar). If this case proceeds to trial in this District, Mr. Kimrey will serve as lead trial counsel for the defendant.

   b. **Federal Jurisdiction:** Federal jurisdiction is based upon federal question.

   c. **Nature of Claims:** Plaintiff contends Defendant infringed his copyright in the sculpture "*Cloud Gate*" by using a clip of it in a video.

   d. **Major Legal and Factual Issues Anticipated:** There is no dispute that Defendant used a clip of "Cloud Gate." Defendant will argue, among other things, that the use was non-infringing because it was fair use and/or *de minimis*.

   Defendant also has challenged jurisdiction and venue in this District.

e. **Relief Sought**: Plaintiff seeks:

   i. Judgment against Defendant in the form of an Order preliminarily and permanently enjoining Defendant, or anyone else acting in concert with it, or on its behalf from continuing to allegedly infringe *Cloud Gate*;

   ii. An order requiring that Defendant account and pay Plaintiff damages in an amount sufficient to fairly compensate him for the injury he has sustained, plus all the profits that are attributable to Defendant's use of *Cloud Gate*, plus interest;

   iii. An order awarding Plaintiff statutory damages in the amount of $150,000 per infringement or such other amount as may be determined at trial;

   iv. An order awarding Plaintiff his reasonable litigation expenses, costs, and attorneys' fees; and

   v. That Plaintiff be granted such other, further, different, or additional relief as this Court deems equitable and proper.

   Defendant seeks:

   i. Its fees and costs associated with successfully defending this action based on fair and/or *de minimis* use.

2. **Pending Motions and Case Plan:**

   a. **Initial Status Hearing**: The Initial Status Hearing is scheduled for August 29, 2018.

   b. **Pending Motions**: Defendant's Motion to Transfer the case to the Eastern District of Virginia is pending. Defendant has filed a Motion to Defer MIDP Requirements and Otherwise Stay Discovery pending resolution of the transfer motion. The Parties expect the Court will set a briefing schedule at the August 29 initial status hearing. No answer has been filed because, as discussed in Defendant's motion, Section A.3 of the MIDP Standing Order allows for the MIDP requirements (including the requirement to file an answer) to be deferred while the Court considers a personal jurisdiction motion.

   c. **MIDP**: All counsel have certified that they would comply with the Mandatory Initial Discovery Pilot Project ("MIDP"), but note that Defendant has filed a Motion to Defer MIDP Requirements and Otherwise Stay Discovery, including the initial disclosures required by the MIDP, pending resolution of the transfer motion.

    d. **Proposed Traditional Discovery and Case Management Plan:**

        i. Defendant requests a stay of all discovery, including the MIDP disclosure requirements, pending the result of the Motion to Transfer. Plaintiff opposes the discovery stay, and, in the alternative, requests leave to conduct jurisdictional discovery to inform the Court's decision with respect to the Motion to Transfer. Defendant responds that no jurisdictional discovery is necessary because (1) Plaintiff has not pled and cannot show a *prima facie* case of personal jurisdiction, and (2) the Court also can transfer the case based on improper venue and *forum non conveniens*, neither of which requires discovery.

        The Parties will confer to make a discovery plan and schedule depending on the result of the Motion to Transfer. Defendant asserts that no discovery is necessary and the Court should allow the Parties to proceed directly to dispositive motions. Accordingly, Defendant believes that it is not appropriate to consider a full discovery schedule at this time. Plaintiff believes the following schedule may be suitable:

        1. Parties to serve Rule 26(a)(1) disclosures by September 16, 2018.

        2. Parties to issue first set of written discovery requests by October 17, 2018.

        3. Should he choose, Plaintiff to amend the pleadings by December 15, 2018.

        4. Parties to complete fact discovery by January 15, 2019.

        5. Parties to disclose experts by February 15, 2019; expert discovery to be completed by April 1, 2019.

        6. Parties to file dispositive motions by May 1, 2019.

    e. **Trial**: Plaintiff has requested a trial by jury. Defendant has not yet made a jury demand. The Parties anticipate a trial would last approximately one week.

3. **Consent to Proceed Before a Magistrate Judge**: Parties do not consent to proceed before a United States Magistrate Judge.

4. **Status of Settlement Discussions:**

    a. The parties have had some settlement discussions but have not reached any agreement.

    b. Plaintiff is willing to have a pre-trial settlement conference before a Magistrate Judge before the Motion to Transfer is scheduled to be fully briefed. Defendant is not amendable to a pre-trial settlement conference at this time.

/s/ Nicholas A. Carlin
Nicholas A. Carlin
M. Jake Feaver
Phillips, Erlewine, Given & Carlin LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
(415) 398-0900
*Attorneys for Plaintiff*

/s/ Jeffrey S. Becker
Jeffrey S. Becker
Swanson Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
*Attorney for Plaintiff*

/s/ Blaine C. Kimrey
Blaine C. Kimrey
Bryan K. Clark
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
*Attorneys for Defendant National Rifle Association of America*