**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANISH KAPOOR,

              Plaintiff,

    v.

NATIONAL RIFLE ASSOCIATION
OF AMERICA,

            Defendant.

Case No:  1:18-cv-04252

**PLAINTIFF'S MEMORANDUM OF
LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO
TRANSFER OR, IN THE
ALTERNATIVE, IN SUPPORT OF
PLAINTIFF'S MOTION FOR
JURISDICTIONAL DISCOVERY**

Judge John Z. Lee
Magistrate Judge Daniel G. Martin

Hearing Date:  October 17, 2018
Time:              9:00 a.m.

TABLE OF CONTENTS

PAGE

I.   INTRODUCTION.................................................................................... 1

II.  DISCUSSION ......................................................................................... 2

    A.   Standard of Review.......................................................................... 2

    B.   This Court Has Specific Personal Jurisdiction over the NRA......................... 3

        1.   The NRA Purposefully Directed its Activities at this State.................. 4

        2.   Kapoor's Injury Arises Out of the NRA's Activities Here ................. 5

        3.   It Would not Offend Traditional Notions of Fair Play and Substantial Justice for the NRA to Defend this Case Here ....................................... 6

        4.   Other Factors Support Jurisdiction Here................................................ 7

    C.   The Court Should Deny the NRA's Motion to Dismiss for Improper Venue . 8

    D.   The Court Should Deny The NRA's Motion to Transfer to Virginia ............. 8

    E.   In the Alternative, Kapoor is Entitled to Jurisdictional Discovery................ 11

III. CONCLUSION ..................................................................................... 13

i

TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*ABN AMRO, Inc. v. Capital Int'l Ltd.* (N.D. Ill. 2008)
595 F. Supp. 2d 805 ...................................................................................... 4

*Allstate v. Ameriprise Fin. Servs.* (N.D. Ill., May 21, 2018)
2018 WL 2299202 ........................................................................................... 9

*Applied Web v. Catalytic Combustion* (N.D. Ill. Apr. 29, 1991)
1991 WL 70893 ............................................................................................... 10

*Brandon Apparel v. Quitman Mfg.* (N.D. Ill. 1999)
42 F. Supp. 2d 821 ........................................................................................ 10

*Bristol-Myers Squibb v. Superior Court* (2017)
137 S. Ct. 1773 ................................................................................................ 3

*Burger King v. Rudzewicz* (1985)
471 U.S. 462 ............................................................................................... 4, 6

*Cent. States v. Phencorp Reinsurance* (7th Cir. 2006)
440 F.3d 870 ................................................................................................. 11

*Cent. States v. Reimer Express* (7th Cir. 2000)
230 F.3d 934 ................................................................................................. 11

*Chicago, R. I. & P. R. v. Igoe* (7th Cir. 1955)
220 F.2d 299 .................................................................................................. 9

*Craik v. Boeing* (N.D. Ill. 2013)
37 F. Supp. 3d 954 ........................................................................................ 10

*Davidson v. U.S.* (2018)
138 Fed. Cl. 159 .............................................................................................. 4

*Evanger's Cat & Dog Food Co., Inc. v. Thixton* (N.D. Ill. Aug. 13, 2018)
2018 WL 3831505 ........................................................................................... 2

*Felland v. Clifton* (7th Cir. 2012)
682 F.3d 665 .................................................................................................. 6

*Filmline v. United Artists* (2d Cir. 1989)
865 F.2d 513 .................................................................................................. 9

*Gaylord v. U.S.* (Fed. Cir. 2010)
595 F.3d 1364 ................................................................................................. 4

*Gilman Opco v. Lanman Oil* (N.D. Ill. Mar. 28, 2014)
2014 WL 1284499 ......................................................................................... 11

*Janmark v. Reidy* (7th Cir. 1997)
132 F.3d 1200 ................................................................................................ 8

*JT's Frames v. Casares* (N.D. Ill. Feb. 13, 2018)
2018 WL 835225 ........................................................................................... 11

*Kjaer Weis v. Kimsaprincess* (N.D. Ill. 2017)
296 F. Supp. 3d 926 ....................................................................................... 9

*Leo Feist, Inc. v. Young* (7th Cir. 1943)
138 F.2d 972 .................................................................................................. 4

*Logan Prods. v. Optibase* (7th Cir. 1996)
103 F.3d 49 .................................................................................................... 8

*McGee v. Int'l Life Ins.* (1957)
355 U.S. 220 .................................................................................................. 4

*MJC-A World of Quality v. Wishpets* (N.D. Ill. Aug. 27, 2001)
2001 WL 987890 ........................................................................................... 6

*Mobile Anesthesiologists Chicago v. Anesthesia Associates* (7th Cir. 2010)
623 F.3d 440 .................................................................................................. 3

*N. Grain Mktg. v. Greving* (7th Cir. 2014)
743 F.3d 487 .................................................................................................. 3

*Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, IL* (7th Cir. 2009)
567 F.3d 856 .................................................................................................. 7

*Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, Ill.* (2010)
561 U.S. 1041 ................................................................................................ 7

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.* (7th Cir. 2003)
338 F.3d 773 .................................................................................................. 2

*Rabbit Tanaka v. Paradies Shops* (N.D.Ill. 2009)
598 F.Supp.2d 836 ........................................................................................ 10

*Research Automation v. Schrader-Bridgeport* (7th Cir. 2010)
626 F.3d 973 .................................................................................................. 9

*Tamburo v. Dworkin* (7th Cir. 2010)
601 F.3d 693 .......................................................................................... *passim*

*Textor v. Bd. of Regents* (7th Cir. 1983)
711 F.2d 1387 ............................................................................................... 11

*Walden v. Fiore* (2014)
571 U.S. 277 .................................................................................................. 3

*Wessels, Arnold & Henderson v. National Med. Waste* (8th Cir. 1995)
65 F.3d 1427 .................................................................................................. 5

*Yahoo! v. La Ligue Contre Le Racisme* (9th Cir. 2006)
  433 F.3d 1199 ............................................................................................................... 4

**Statutes**

17 U.S.C. § 106 ............................................................................................................... 4

28 U.S.C. § 1391(b) ........................................................................................................ 8

28 U.S.C. § 1400(a) ........................................................................................................ 8

28 U.S.C. § 1404(a) ........................................................................................................ 8

735 Ill. Comp. Stat.. 5/2–209(c) ................................................................................... 3

iv

Plaintiff Anish Kapoor ("Kapoor") hereby responds to the Motion to Transfer filed by Defendant National Rifle Association of America (the "NRA"). For the following reasons, the Court should deny the motion.[1]  In the alternative, if the Court is not inclined to deny the motion outright, Kapoor moves for jurisdictional discovery.

## I.  INTRODUCTION

The Complaint (ECF No. 1) alleges as follows:  World-renowned artist and sculptor Sir Anish Kapoor is the creator of the well-known sculpture *Cloud Gate* (affectionally known to Chicago residents as *"The Bean"*).  He completed it in 2006.  The City of Chicago owns the physical sculpture; Kapoor owns the federally-registered copyright.

 The NRA sent an agent to Chicago to take time-lapse photographs of *Cloud Gate* for use in one of its fear-mongering video advertisements. Thus, the initial infringing conduct, taking pictures of *Cloud Gate*, took place in Chicago. The video, called variously "The Clenched Fist of Truth" or "The Violence of Lies" (the "Video"), was designed to promote hatred and fear of "them," i.e., liberals, progressives, and anyone opposed to the current government, to promote gun ownership (and thus increase sales and profits for its gun manufacturer donors[2]), and to acquire new paid memberships.  Kapoor was outraged and disgusted to see an image of his sculpture being used that way.  He contacted the NRA and asked it to remove the image.  The NRA refused, resulting in this lawsuit.

---

[1] The NRA improperly seeks to prejudice the Court by arguing the merits of the copyright infringement claim in its moving papers. Kapoor will meet these arguments head-on when the time comes. Suffice it to say, the NRA is wrong.  The use was not fair use (it was used for commercial purposes), it was not transformative, it was not incidental or *de minimus* (as discussed herein, the NRA intentionally sent an agent to Chicago to take photos of the sculpture), and this is not a First Amendment case.

[2] Walter Hickey, *How the Gun Industry Funnels Tens of Millons of Dollars to the NRA*, Business Insider (Jan. 13 2013) https://www.businessinsider.com/gun-industry-funds-nra-2013-1.

In its motion, the NRA concedes it sent an agent to Chicago to take time-lapse photographs of *Cloud Gate* for use in the Video – the origin of the claim made against it. Moreover, the public record reveals that the NRA is registered to do business in the State of Illinois, that it has employees in this State, and that it has availed itself of the court system here, including suing the City of Chicago in this very Court.  Its policy of encouraging ubiquitous ownership of firearms and opposing any efforts at reasonable gun control has contributed to the epidemic of gun violence in Chicago.[3] So the NRA should not be surprised to find itself haled into court in Illinois, and jurisdiction here does not offend due process.

## II.    DISCUSSION

### A.    Standard of Review

On a motion to dismiss or transfer for lack of personal jurisdiction, if a court holds an evidentiary hearing, the plaintiff must establish jurisdiction by a preponderance of the evidence; but if the court rules on the motion based purely on the submission of written materials, plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  If personal jurisdiction is challenged and facts material to a decision on the issue are in dispute, the court must consider allowing jurisdictional discovery and holding an evidentiary hearing.  *Evanger's Cat & Dog Food Co., Inc. v. Thixton*, No. 17 C 9229, 2018 WL 3831505, at *2 (N.D. Ill. Aug. 13, 2018).  Barring that, courts take true "all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff."  *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

---

[3] Bellware, *How the NRA is Making Bank off of Urban Gun Violence*, Huffington Post (May 5, 2016) https://www.huffingtonpost.com/entry/chicago-nra-gun-violence_us_57292f57e4b0bc9cb045133c.

"A court's exercise of personal jurisdiction may be limited by the applicable state statute or the federal Constitution; the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause, 735 Ill. Comp. Stat.. 5/2–209(c), so here the state statutory and federal constitutional inquiries merge."  Id. at 700 (citing *Citadel Grp. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008)).

Therefore, this Court need only address whether exercising personal jurisdiction over the NRA is consistent with federal due process requirements.

### B.      This Court Has Specific Personal Jurisdiction over the NRA

A defendant who is not "at home" in the forum state, and thus not subject to so-called "general" (all-purpose) jurisdiction, is nonetheless subject to jurisdiction on claims relating to its activities or contacts there.  *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017); *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The conditions giving rise to so-called specific, case-linked or limited jurisdiction exist when (1) the defendant has purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting business in that state, and (2) the alleged injury arises from those activities.  *N. Grain Mktg. v. Greving* 743 F.3d 487, 492 (7th Cir. 2014).  The exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice.  *Tamburo*, supra, at 702 (7th Cir. 2010).

For intentional torts like copyright infringement, a court has personal jurisdiction over a defendant like the NRA who purposefully directed its infringing conduct at that state.  *Mobile Anesthesiologists Chicago v. Anesthesia Associates*, 623 F.3d 440, 445 (7th Cir. 2010). Copyright infringement "sounds in tort" for the purposes of personal jurisdiction.  *Leo Feist, Inc. v. Young,* 138 F.2d 972, 975 (7th Cir. 1943).

3

A single act may suffice where, as here, the cause of action arises out of that purposeful contact.  *McGee v. Int'l Life Ins.*, 355 U.S. 220, 223 (1957); *Yahoo! v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc).

### 1.    The NRA Purposefully Directed its Activities at this State

Here, the NRA purposefully directed its infringing activities at the State of Illinois, first by sending its agent to the City of Chicago to take photos of *Cloud Gate* for use in the Video, and second by publishing the Video in the State of Illinois.

The Copyright Act gives the copyright owner the exclusive right to reproduce or make photographic copies of sculptural works, such as *Cloud Gate*.  *17 U.S.C. § 106*; *Gaylord v. U.S.*, 595 F.3d 1364, 1378 (Fed. Cir. 2010); *Davidson v. U.S.*, 138 Fed. Cl. 159, 173 (2018) (unpublished).  So the NRA's agent committed the seminal act of copying (i.e., copyright infringement) in this State.

According to the declarations filed by the NRA, the Video was part of a series with the Orwellian name "Freedom's Safest Place."  See ECF No. 26-2 ("LaPierre Decl."), at ¶ 5.  The NRA broadcast the Video on the NRA's Internet broadcast network and on the Fox television network (LaPierre Decl,  at ¶ 9), both with nationwide distribution, the State of Illinois included.

"[I]n Illinois an agent's contacts with a state may be attributed to the principal for purposes of establishing personal jurisdiction."  *ABN AMRO, Inc. v. Capital Int'l Ltd*., 595 F. Supp. 2d 805, 821 (N.D. Ill. 2008); see also *Burger King v. Rudzewicz*, 471 U.S. 462, 480 (1985). Ackerman McQueen is widely known to be the NRA's ad agency.  According to Wikipedia: "Ackerman McQueen is an advertising agency based in Oklahoma City.  Founded in 1939, it has expanded to include offices in Alexandria, Virginia, Colorado Springs, Colorado, Dallas, Texas and Tulsa, Oklahoma.  It has worked for the NRA since the 1980s and the

4

relationship has been called one of the strongest in the advertising field.  Ackerman McQueen, also called 'Ack-Mac,' is credited with much of the NRA's modern success."  *Ackerman McQueen*, Wikipedia, https://en.wikipedia.org/wiki/Ackerman_McQueen (last visited Sept. 10, 2018).

According to the NRA, it was an "Ackerman McQueen employee who shot the time-lapse photography that is at issue in this litigation . . ."  See ECF No. 26-3 ("Tavangar Decl."), at ¶ 21.[4]  While Tavangar does not explicitly state it, the employee must necessarily have shot the photos here in Chicago.  Thus, the NRA's agent (i.e., its long-serving ad agency) shot the photographs of *Cloud Gate* used in the Video.

The act of the agent will also be imputed to the principal if it was ratified after the fact. *Wessels, Arnold & Henderson v. National Med. Waste*, 65 F.3d 1427, 1433 (8th Cir. 1995).  The NRA's CEO Wayne LaPierre concedes that he gave final approval to the release of the Video. LaPierre Decl., at ¶ 8.

### 2.    Kapoor's Injury Arises Out of the NRA's Activities Here

Kapoor's injury arose out of the NRA's activities in this State – the photos were taken in Chicago, and were then used in the Video.  Moreover, where a plaintiff like Kapoor does business in a state, he is injured in that state when a work infringing his own work is published to residents of that state.  *MJC-A World of Quality v. Wishpets*, No. 00 C 6803, 2001 WL 987890, at *4 (N.D. Ill. Aug. 27, 2001).  In short, when the NRA published its infringing advertisement to Illinois residents for commercial gain, it injured Kapoor in Illinois.

---

[4] While Mr. Tavangar portrays himself as an employee of a subsidiary of Ackerman McQueen, according to its website he is in fact Ackerman McQueen's Executive Vice-President.  *Our Team*, Ackerman McQueen, https://www.am.com/our-team/?id=nader-tavangar (last visited Sept. 9, 2018).  It is unclear why he would not be more forthcoming about this.

As a foreign national, Kapoor has not been injured more in any state than he has been in Illinois.  His sculpture, the intellectual property infringed, is permanently located here.  His relationships with the City of Chicago and the Millennium Park Foundation are here.  For these purposes, the infringement of *Cloud Gate* harmed Kapoor in Illinois.

> **3.    It Would not Offend Traditional Notions of Fair Play and Substantial Justice for the NRA to Defend this Case Here**

As noted above, the exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice.  *Tamburo,* 601 F.3d at 702.  Jurisdiction is reasonable when a defendant "should reasonably anticipate being haled into court" in the forum state.  *Burger King*, 471 U.S. at 474.  But the burden is on the <u>defendant</u> to present a "compelling" case that the exercise of jurisdiction would not be reasonable. *Felland v. Clifton*, 682 F.3d 665, 677 (7th Cir. 2012).  And this the NRA has not and cannot do.

The NRA is no stranger to Illinois.  It is registered to do business here and appointed an agent for service of process in the State.  Declaration of M. Jake Feaver ("Feaver Decl."), at ¶¶ 3, 4 & Exhs. A, B.  It has at least two "Senior Field Representatives" here: Michael F. Huber and Donald Higgs.  Feaver Decl., at ¶ 5 & Exh. C.

The NRA also has an affiliate organization operating in Illinois, the Illinois State Rifle Association, with whom it co-sponsors "NRA Day" in Illinois. See Feaver Decl. at ¶ 6 & Exh. D. *NRA Day at the ISRA* Range, Illinois State Rifle Association, http://www.isra.org/News/Comme ntary/TabId/1137/ArtMID/4160/ArticleID/30513/NRA-Day-At-The-ISRA-Range.aspx (last visited Sept. 10, 2018).  And the NRA offers grants to its state rifle associations on its website.  See Feaver Decl. at ¶ 8 & Exh. F.

Moreover, the NRA has availed itself of the judicial system in Illinois.  For example, it sued, in this Court, the City of Chicago and several other municipalities who tried to enact gun

control measures.  *Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, IL*, 567 F.3d 856 (7th Cir.

2009), rev'd and remanded sub nom. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, (2010),

and *cert. granted, cause remanded sub nom. Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, Ill.*,

561 U.S. 1041 (2010).

The NRA no doubt has members in Illinois.  And to become a member of the NRA, an

individual must select their state of residence from a range of options that includes Illinois by

name.  See Feaver Decl. at ¶ 7 & Exh. E.

### 4.    Other Factors Support Jurisdiction Here

In determining the reasonableness of jurisdiction, the Court may also consider the State's

interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective

relief, the interstate judicial system's interest in obtaining the most efficient resolution of

controversies, the shared interest of the several States in furthering fundamental substantive

policies, as well as the burden if any on the defendant.  *Tamburo*, 601 F.3d at 709.

This litigation involves one of Illinois's most iconic monuments.  People flock from all

over the world to visit "The Bean" in Chicago.  See Complaint at ¶ 13.  Kapoor provided a

service to the City of Chicago when he created his sculpture. Both Kapoor and the State of

Illinois have an interest in determining whether the NRA should be permitted to use an image of

*Cloud Gate* in the way that it has.

The interstate judicial system's interest in obtaining the most efficient resolution of

controversies, and the shared interest of the several States in furthering fundamental substantive

policies, are not implicated here one way or the other.

Finally, as discussed in more detail below with respect to the section 1404 motion, the

NRA would not face a substantial burden were it to litigate here.  It has chosen to do so before.

It "usually will not be unfair to subject a defendant who engages in economic activity in a state to the burdens of litigating in that state." *Logan Prods. v. Optibase*, 103 F.3d 49, 54 (7th Cir. 1996) (internal quotations and citation omitted).  The NRA sent its agent to take photographs here; it registered to do business in Illinois; it has used the Court system in Illinois; it solicits members and donations from Illinois; it advertises in Illinois; and it provides grants to its affiliates, presumably including the ISRA.  Accordingly, due process does not bar this Court from exercising specific personal jurisdiction over the NRA for the copyright infringement alleged in this case.

C.     **The Court Should Deny the NRA's Motion to Dismiss for Improper Venue**

The NRA concedes that venue is proper in any district where the defendant "may be found."  28 U.S.C. § 1400(a).  A defendant "may be found" where he is subject to personal jurisdiction.  *Janmark v. Reidy*, 132 F.3d 1200, 1203 (7th Cir. 1997).  For the reasons discussed above, venue is proper here because the NRA is subject to personal jurisdiction here.

Additionally, venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the actions or omissions giving rise to Kapoor's claims occurred in this District. There is no better venue for the resolution of this particular controversy than the Northern District of Illinois.

D.     **The Court Should Deny The NRA's Motion to Transfer to Virginia**

A district court may transfer to another district for the convenience of parties and witnesses, in the interest of justice, if that action might have been brought in the transferee district.  28 U.S.C. § 1404(a).

In ruling on a motion to transfer, a court should consider (1) the situs of the material events; (2) the plaintiff's choice of forum; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties litigating in their

8

respective forums. *Kjaer Weis v. Kimsaprincess*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017).  A plaintiff's choice of forum is typically entitled to substantial deference. *Chicago, R. I. & P. R. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Allstate v. Ameriprise Fin. Servs*., 2018 WL 2299202, *4 (N.D. Ill., May 21, 2018).

The State of Illinois is the situs of the material events. *Cloud Gate* was infringed on in Chicago, the only place it has ever been located.  That the NRA created derivative works of *Cloud Gate* elsewhere after initially photographing it in Chicago is of no consequence; the NRA initiated that chain of events in Chicago, so Illinois is the nexus between the parties and the cause of action.

The relative ease of access to sources of proof is not a helpful consideration here. Documents can be provided with ease in the era of e-discovery.  *Research Automation v. Schrader-Bridgeport*, 626 F.3d 973, 978 (7th Cir. 2010).  Kapoor does not anticipate seeking much discovery or evidence that cannot be transmitted electronically, so this factor does not have significant weight.

The location of witnesses is another factor on a motion to transfer (*Filmline v. United Artists,* 865 F.2d 513, 520 (2d Cir. 1989)), but this factor too does not compel transfer.  The NRA trots out some names of potential witnesses, all whom work for its advertising agency.  But it does not say why any of these witnesses' testimony is relevant, apart from saying that Mr. LaPierre approved the Video, which he has already said in his Declaration.  And it is not clear why more than one or two of these ad agency witnesses have anything relevant to say.  What is relevant is the testimony of the person who took the photographs – and that person lives in Colorado.

What matters is the quality and nature of witness testimony, not the sheer number of them. *Brandon Apparel v. Quitman Mfg.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). Insofar as the NRA has listed its own representatives and agents as potential witnesses, the convenience of those witnesses should be assigned little, if any, weight. *Applied Web v. Catalytic Combustion*, No. 90 C 4411, 1991 WL 70893, at *5 (N.D. Ill. Apr. 29, 1991). The NRA's convenience should not outweigh Kapoor's decision to litigate where his sculpture is. The NRA is not entitled to move this dispute to its home turf for the sake of its own convenience.

The NRA argues that the Eastern District of Virginia courts are faster to disposition and trial. Perhaps, but faster is not necessarily better. The speed to disposition of a dispute is not dispositive in a transfer analysis. *Craik v. Boeing*, 37 F. Supp. 3d 954, 963 (N.D. Ill. 2013). Moreover, the Mandatory Initial Discovery Pilot Program should speed the disposition of this case in the Northern District of Illinois. *Id.*

In a situation where the choice is between two federal courts, the court's familiarity with a federal question is not a consideration. *Rabbit Tanaka v. Paradies Shops*, 598 F.Supp.2d 836, 841 (N.D.Ill. 2009). To the extent they insinuate the Eastern District of Virginia has a better familiarity with the law of copyright, a doubtful proposition, the two cases the NRA lists as examples of swift resolution of copyright disputes in the Eastern District of Virginia should be ignored.

More weight should be placed on the final factor: This community's strong desire to resolve the dispute. When a venue is "closer to the action," that venue is to be preferred. *Craik*, 37 F. Supp. 3d at 964. The source of Kapoor's copyright infringement claim is based on an act that occurred here. Any reproduction, distribution, performance of, or creation of derivative

works of *Cloud Gate* stem from activity here.  This district therefore has an interest in adjudicating infringements having their origin in this district.

Forum-shopping does not serve the interest of justice. Any increased efficiency gained by moving to the Eastern District of Viginia is overshadowed by the fact that this Court would be transferring a case that arose here to a district whose only tie to the dispute is the NRA's presence.  Accordingly, transfer would not be just in this instance.

### E.      In the Alternative, Kapoor is Entitled to Jurisdictional Discovery

The Federal Rules of Civil Procedure allow liberal discovery into relevant matters, and personal jurisdiction is no exception.  *Gilman Opco v. Lanman Oil*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014).  The plaintiff is entitled to jurisdictional discovery if he can establish a "colorable" or *prima facie* showing of personal jurisdiction.  *Cent. States v. Reimer Express*, 230 F.3d 934, 947 (7th Cir. 2000).  And courts generally grant jurisdictional discovery if the "factual record is at least ambiguous or unclear on the jurisdiction issue."  *JT's Frames v. Casares*, No. 16-CV-2504, 2018 WL 835225, at *3 (N.D. Ill. Feb. 13, 2018).

When ruling on a motion for discovery, courts resolve all disputes concerning relevant facts presented in the record in the plaintiff's favor.  *Cent. States v. Phencorp Reinsurance*, 440 F.3d 870, 878 (7th Cir. 2006).  The facts are to be read liberally, with every inference drawn in favor of the plaintiff.  *Textor v. Bd. of Regents*, 711 F.2d 1387, 1393 (7th Cir. 1983).

The allegations in the Complaint, those facts introduced in the Declarations and Memorandum of Law in Support of Defendant's Motion, and the facts introduced in this Memorandum and its supporting declaration show convincingly that jurisdiction is proper in this Court.  But if the Court is at all in doubt on that subject, Kapoor is entitled to engage in

jurisdictional discovery to make such a showing since he has made, at the very least, a *prima facie* showing of jurisdiction.

The NRA's declarations, despite being produced by sophisticated counsel, are conspicuously absent of certain relevant facts. For example, while both declarants describe at length the extent of their business ties to Virginia, neither explains just how or why an agent of the NRA's stepped foot onto Illinois soil to photograph *Cloud Gate*.  While the Tavangar Declaration explains "The Violence of Lies" was "released on the NRA Internet broadcast network, NRATV at www.nratv.com, as well as the Fox television network," it does not mention the advertisement's release on YouTube, which garnered millions of views.  See Tavangar Decl., at ¶ 9; Feaver Decl. at ¶ 9 & Exh. G.

Other unanswered questions include: Which Illinois-based television channels broadcast the advertisement?  How many YouTube views originated from Illinois as compared to other states?  How many pageviews did the www.nratv.com video receive from within this forum?  How many employees does NRA have in Illinois? How many offices? How much money does it spend to support the ISRA?  What is the NRA's relationship with gun manufacturers in Illinois?[5] What other connections does the NRA have with Illinois?

Accordingly, if the Court is not prepared to deny the NRA's motion at this time, Kapoor respectfully requests that he be allowed an opportunity to conduct jurisdictional discovery and be allowed to submit evidence and testimony to refute the NRA's position.

---

[5] *See, e.g.*, *Firearms Manufactuers in Illinois*, Manta, https://www.manta.com/mb_45_F11E47N 7_14/rifles_or_rifle_parts_30_mm_and_below/illinois (last visited Sept. 8, 2018).

## III.   CONCLUSION

For the foregoing reasons, this case should stay here. In the alternative, if the Court finds that the current showing does not demonstrate a sufficient basis for personal jurisdiction, proper venue, or represents an inconvenient forum, Kapoor requests that the Court grant his motion for jurisdictional discovery.

Dated:  September 13, 2018                              PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP


By:  /s/ Nicholas A. Carlin
       Nicholas A. Carlin
       M. Jake Feaver
       Phillips, Erlewine, Given & Carlin LLP
       39 Mesa Street, Suite 201 - The Presidio
       San Francisco, CA   94129
       Telephone:  415-398-0900
       Fax:          415-398-0911
       Email:  nac@phillaw.com
                   mjf@phillaw.com

13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, a copy of the foregoing was electronically filed in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.


/s/ M. Jake Feaver