# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Anish Kapoor,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 C 4252 |
| | ) | |
| **National Rifle Association of America,** | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

London-based sculptor Anish Kapoor ("Kapoor"), who created and holds the copyright for the Cloud Gate sculpture in Chicago, has brought a copyright infringement claim against Defendant National Rifle Association of America ("the NRA"), alleging that the NRA improperly reproduced and distributed a video of Cloud Gate in violation of his exclusive copyright.

The NRA has filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) [25]. Kapoor opposes the motion and moves for jurisdictional discovery [35]. For the reasons stated herein, the Court denies Kapoor's motion for jurisdictional discovery [35] and grants in part and denies in part the NRA's motion to dismiss or transfer the case [25].

## **Background**

Kapoor, who resides in London, England, completed the Cloud Gate sculpture (affectionately known in Chicago as "the Bean") in 2006, at which time it was

installed in Chicago's Millennium Park. Compl. ¶¶ 9, 12–13, ECF No. 1. Cloud Gate is still located in Millennium Park and, while the physical sculpture is owned by the City of Chicago, Kapoor holds the exclusive copyright. *Id.* ¶¶ 12, 18–20. The sculpture "attract[s] tourists and artists from around the world" and is a "destination site for many." *Id.* ¶ 13.

Kapoor contends that, in June 2017, the NRA broadcasted "on television and the internet" a video containing an image of Cloud Gate. *Id.* ¶¶ 14–15. The video, titled either "The Clenched Fist of Truth" or "The Violence of Lies," warns of "civil unrest and violence, and states that the only way to save 'our' country from the 'lies' of the liberal media and the 'liberal agenda' is with the 'clenched fist of truth.'" *Id.* At or around the 17-second mark, Kapoor alleges, a "black-and-white image" of Cloud Gate is shown "in its entirety." *Id.* Kapoor contends that the NRA has violated his exclusive copyright in Cloud Gate by "filming or videotaping it, making internal copies, incorporating it into its video . . . and distributing and displaying it to the public on television and through the internet." *Id.* ¶¶ 21–22.

## **Legal Standard**

A court that lacks personal jurisdiction over a defendant must dismiss the case as to that party. *See* Fed. R. Civ. P. 12(b)(2). If a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), it places the burden on the plaintiff to demonstrate that the court has personal jurisdiction over the defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782

2

(7th Cir. 2003). In making this determination, the court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1983)). "The precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held." *Purdue*, 338 F.3d at 782. When there is no dispute of material fact and a court rules solely based on the submission of written materials, the plaintiff "'need only make out a *prima facie* case of personal jurisdiction.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). In making this determination, the court can consider affidavits and other supporting materials. *See id.* The court must resolve any conflicts in the affidavits and supporting materials in the plaintiff's favor. *Id.* at 782–83.

When considering a Rule 12(b)(2) motion, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). "The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017)). And, as noted, it is the plaintiff's burden to establish a *prima facie* showing of jurisdiction. *Id.*

3

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Once an appropriate alternate forum is identified, a court makes a two-pronged inquiry into both convenience and the interests of justice to decide whether transfer is warranted. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The movant has the burden of establishing, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

The factors relevant to the convenience inquiry include "the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well as "the location of material events and the relative ease of access to sources of proof." *Research Automation*, 626 F.3d at 978. As for the interests of justice, a court will consider "docket congestion and likely speed to trial" in each forum, "each court's relative familiarity with the relevant law," "the respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Id*. The interest-of-justice inquiry "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id*. Because ruling on a motion to transfer venue requires an "individualized, case-by-case consideration of convenience and fairness," the district court is afforded broad discretion and

4

substantial deference in weighing the factors for and against transfer. *Coffey*, 796 F.2d at 219 (internal citation and quotation marks omitted).

## Analysis

The NRA seeks dismissal of Kapoor's complaint on the basis that the Court lacks general or specific personal jurisdiction over it. Kapoor does not argue that the NRA is subject to general jurisdiction in Illinois, but contends that he has established a *prima facie* showing as to specific jurisdiction.

The key question in evaluating specific jurisdiction is whether it is "fair and reasonable to call the defendant into the state's courts to answer the plaintiff's claim." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). To answer this question in the affirmative, a defendant's contacts with the forum state must directly relate to or arise out of the challenged conduct. *E.g., John Crane*, 891 F.3d at 695–96 (citing *Brook*, 873 F.3d at 552). This means that the "contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009).

Moreover, "[t]he exercise of specific jurisdiction must also comport with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492–93 (7th Cir. 2014). The relevant concerns are "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's

5

interest in efficiently resolving controversies, and the shared interest of the states in furthering fundamental substantive social policies." *GoDaddy*, 623 F.3d at 432–33.

While "the contacts supporting specific jurisdiction can take many . . . forms," *id.* at 426, a paradigmatic example is when a defendant commits a tort in the forum state, *see Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007), or when it "deliberate[ly] and continuous[ly] exploit[s] . . . the market in a forum state." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010) (citing *GoDaddy*, 623 F.3d 421). At the same time, a court must be mindful that it "cannot simply aggregate all of a defendant's contacts with a state—no matter how dissimilar in terms of geography, time, or substance—as evidence of the constitutionally-required minimum contacts." *GoDaddy*, 623 F.3d at 429 (quoting *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1277 (7th Cir. 1997)).

Here, the NRA argues that it should not be subject to specific personal jurisdiction because its video was distributed nationwide and did not specifically target Illinois. It characterizes the alleged tort as the "distributing and displaying" of its video of Cloud Gate. Def.'s Mem. Supp. Mot. Dismiss or Transfer ("Def.'s Mem. Supp.") at 4, ECF No. 26. Kapoor, for his part, contends that the NRA is subject to personal jurisdiction in Illinois because the video of Cloud Gate was taken without authorization here.

6

Any inquiry into specific jurisdiction must start with the claims. Here, Kapoor's complaint alleges that the NRA infringed his exclusive copyright in multiple ways, including: (1) "filming or videotaping it," (2) "making internal copies," (3) "incorporating it into its video," and (4) "distributing and displaying it to the public on television and through the internet." Compl. ¶ 22. The NRA focuses on the alleged distribution of the video depicting the Bean and argues that it did not specifically target residents of this district. But the Copyright Act not only prohibits the unauthorized distribution of a copyrighted work, *see* 17 U.S.C. § 106(3); it also prohibits the unauthorized reproduction of the work, *see id.* § 106(1). And it is undisputed that the video of Cloud Gate was taken in Illinois. Thus, the NRA's contacts with Illinois directly relate to or arise out of its alleged filming of Cloud Gate, which necessarily occurred in Illinois and allegedly injured Kapoor. *See John Crane*, 891 F.3d at 695–96; *see also Moncrief Oil Int'l Inc.*, 481 F.3d at 314 (holding that "tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state" to exercise personal jurisdiction) (internal quotation marks and citation omitted); *Ploense v. Electrolux Home Prods., Inc.*, 882 N.E.2d 653, 659 (Ill. App. Ct. 2007) (explaining that "commission of a tortious act within" the state is grounds for personal jurisdiction).

But wait, the NRA responds. The video of the Cloud Gate was taken by a third-party photographer who worked for an advertising agency retained by the NRA, not by the NRA itself. Kapoor insists that the photographer was an "agent" of the NRA

7

purposes of the jurisdictional analysis; the NRA disagrees. Whether the photographer in fact was the NRA's agent is a question of fact that the Court cannot resolve on the current record, *see Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 732 (7th Cir. 2014), and would ordinarily warrant jurisdictional discovery. *See In re Testosterone Replacement Therapy Prods. Liability Litig. Coordinated Pretrial Proceedings*, 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015). But because the Court concludes—for the reasons discussed below—that this case should proceed in a different forum, it declines to order such discovery here.

The NRA believes that this case should be transferred to the Eastern District of Virginia, where it does not dispute jurisdiction.[1] In support, the NRA points out that it and its employees are located there, that decisions pertaining to the video were made there, and that evidence pertaining to the video is located there. Additionally, it argues that this district has "no connection to the underlying claim" because the video was distributed nationwide, that Kapoor lives in London and thus has no convenient connection to either district, and that the Eastern District of Virginia has a reputation for resolving cases quickly.

---

[1] The NRA characterizes its request as arising under the common-law doctrine of *forum non conveniens*. *Forum non conveniens* is applicable only when the alternate forum is abroad, or in rare circumstances where a state or territorial court would be more convenient. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Where the alternate forum is another federal district court, and that forum is of "superior convenience," 28 U.S.C. § 1404(a) has displaced the doctrine of *forum non conveniens* and provides for transfer, rather than dismissal. *In re Hudson*, 710 F.3d 716, 718 (7th Cir. 2013).

8

On balance, the Court agrees that the Eastern District of Virginia is a more convenient forum in which to litigate this case. Kapoor does note that he has chosen to litigate in Illinois, and a plaintiff's choice "should rarely be disturbed." *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005). "Rarely, however, is not never." *In re Nat'l Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003) (collecting cases). Here, the Court concludes that, although at least one possible tort (that is, filming Cloud Gate without permission) occurred in Illinois, nearly all of the evidence related to that tort will come from witnesses who do not reside in Illinois. And Kapoor, a London resident, has no connection to Illinois other than the existence of his sculpture here.

What is more, the other convenience factors under § 1404(a) weigh heavily in favor of the NRA. For instance, the NRA is headquartered in Fairfax, Virginia, so that location is far more convenient for it than Illinois. Similarly, many of the likely witnesses in this case work at the NRA's headquarters or nearby. And although it is true that the convenience of witnesses employed by a party is entitled to little weight, it is still a relevant factor. *See, e.g.*, *Hyatt Corp. v. Pers. Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *4 (N.D. Ill. Dec. 15, 2004) (considering the location of employee-witnesses when analyzing the convenience of the parties). This is particularly the case here, where the convenience of non-party witnesses is a non-factor because they all are located outside of Illinois and Virginia. Finally, documents pertaining to this case are located at the NRA's headquarters, which tilts slightly in

favor of Virginia, although in this age of electronic discovery, documentary evidence is easily transferable.

The interests of justice—the second element of the § 1404 inquiry—also weigh in the NRA's favor. The NRA has presented evidence that the Eastern District of Virginia typically resolves cases faster than this district. *See* Def.'s Ex. D, U.S. Dist. Ct. Judicial Caseload Profile, ECF No. 26-4. Moreover, it correctly contends that Virginia has an interest in a dispute concerning the rights of its citizens to free speech.

According to Kapoor, Illinois too has an interest in the Cloud Gate sculpture, because it is a public work of art. And certainly the residents of this district are justifiably proud of the Bean. What is more, the Bean is a very popular tourist attraction. However, whether such general public interests have any relationship to the issues raised in this lawsuit—Kapoor's copyright versus the NRA's First Amendment right to advocate its view of the Second Amendment—is less clear. And Kapoor has not provided any authority to support such a contention.

Other justice-related factors—such as each court's relative familiarity with the relevant law, and the respective desirability of resolving controversies in each locale—are neutral.

In sum, the only factors under § 1404(a) weighing in the Plaintiff's favor are his choice of Illinois as a forum and the presence of the Cloud Gate sculpture here. Weighing in the NRA's favor are the convenience to it as a party and to its employees

as witnesses, the ease of access to sources of proof, the likelihood of a faster resolution in the Eastern District of Virginia, and Virginia's interest in the controversy. On balance, the Court finds that the factors weigh in favor of transfer to the Eastern District of Virginia, so the NRA's request to transfer this case is granted.

## Conclusion

For the reasons stated herein, Plaintiff's motion [35] for jurisdictional discovery is denied. Defendant's motion [25] is granted in part and denied in part. This case is transferred to the Eastern District of Virginia forthwith and terminated on this Court's docket.

**IT IS SO ORDERED.**  ENTERED  10/23/18

_____
**John Z. Lee**
**United States District Judge**