IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANISH KAPOOR,<br><br>         *Plaintiff*,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>         *Defendant*. | Civil Action No. 1:18-cv-1320 (LMB/TCB) |

**JOINT PROPOSED DISCOVERY PLAN**

  Pursuant to Fed. R. Civ. P. 26, Local Civil Rule 26, and this Court's Order of October 24, 2018, plaintiff Anish Kapoor ("Kapoor") and defendant National Rifle Association of America ("NRA," together with Kapoor, the "Parties"), by counsel, state as follows for their Proposed Discovery Plan.

  1. **Rule 26(f) Conference**:  The Parties conducted their Rule 26(f) conference on November 2, 2018.

  2. **Fact Discovery**:

    (a) Plaintiff's Position: Because "[d]iscovery may begin as of receipt of th[e Court's October 24, 2018] Order" (ECF 44), Kapoor intends to commence discovery immediately. Kapoor understands that the NRA's primary defense is fair use, on which it bears the burden of proof.  Although the NRA has indicated that it desires to stay (or limit significantly) discovery pending resolution of a motion for summary judgment that it would file, under an expedited briefing schedule, the issues identified by the NRA are factual in nature and will require discovery.

1

Delaying discovery will only further delay the resolution of this litigation. Kapoor plans to fully address the NRA's (a) request for an expedited summary judgment briefing schedule, and (b) request to stay (or limit significantly) discovery pending resolution of the NRA's motion for summary judgment after the NRA moves the Court for such relief or upon the Court's request.

(b) **Defendant's Position**: Case-dispositive fair use, *de minimis* use, transformative use, and First Amendment issues at the core of this case do not require discovery. The video at issue, which includes a brief image of Cloud Gate (or "the Bean"), and the political message the video conveys speak for themselves and are not in dispute. Accordingly, the NRA proposes that the parties brief summary judgment on these core issues in the very near future on an expedited schedule set by the Court at the November 14, 2018 scheduling conference and that discovery be stayed (or significantly limited) pending a ruling by the Court on summary judgment as to these issues. The NRA believes that no amount of discovery will affect, or is even relevant to, the fair use, *de minimis* use, transformative use, and First Amendment analysis. Discovery is simply not necessary to resolve this case based on those issues, and Kapoor has not and cannot articulate what discovery would be material to these case dispositive issues.

(c) If the Court agrees with Kapoor that discovery should proceed, all written fact discovery shall be served sufficiently in advance of March 15, 2019, so that responses are due on or before that date, and any notices of deposition shall be served sufficiently in advance of that date so that discovery can be concluded by that date.

3. **Initial Disclosures**: If discovery proceeds, the Parties propose that initial disclosures be exchanged by November 16, 2018.

4.      **Expert Disclosures**:  Pursuant to Local Civ. R. 26(D)(2), the Parties propose that, if expert discovery proceeds, expert disclosures shall be served according to the following schedule if discovery proceeds:

| | |
|---|---|
| **Kapoor's Disclosures** | **January 15, 2019** |
| **NRA's Disclosures** | **February 15, 2019** |
| **Rebuttal Disclosures** | **March 1, 2019** |

5.      **Joinder of Parties**:  At this time, the Parties do not anticipate joinder of additional parties.  However, should subsequent circumstances warrant it, the Parties agree to join parties by December 12, 2018.

6.      **Amendment of Pleadings**:  At this time, the Parties do not anticipate amendment of pleadings but reserve the right to move the Court for leave to amend should subsequent circumstances warrant it by December 12, 2018.

7.      **Preservation of Discoverable Information**:   The Parties understand the importance of preserving discoverable information.  The Parties believe they have taken reasonable steps to preserve all such information.

8.      **Electronically Stored Information**:  The parties agree to work in good faith to coordinate the form and manner of production of electronically stored information.

9.      **Claims of Privilege & Protection of Trial Material**:  The Parties agree that the party responding to discovery shall provide a privilege log for all responsive material for which a privilege is claimed.  The log will set forth the bates number (if any) of the privileged document and identify (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion, in accordance with Fed. R. Civ. P. 26(b)(5)(A).  No party will be required to put on the privilege log any

communications between a party and its counsel made in relation to this litigation if such documents were generated on or after June 19, 2018.

10. **Protective Order**: In the event a protective order is deemed necessary, the Parties shall work together to agree on a form.

11. **Non-Waiver of Attorney-Client Privilege and Work Product Protection**: The Parties propose that pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Parties intend that this proposed stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a Party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing Party and/or destroyed, at the producing Party's option. If the underlying claim

of Privilege or Protection is contested, the Parties shall comply with, and the requesting Party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing Party to request the return or destruction of the Document once the producing Party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question. "Destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means. "Actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

12. **Magistrate Judge**: The Parties do not consent to trial before a magistrate judge at this time.

13. **Settlement**: The Parties do not believe that a settlement is likely at this time. However, the Parties are aware of the mediation resources provided by the presiding United States Magistrate Judge and will contact chambers should the opportunity or need for mediation arise.

14. **Discovery Limitations**: The Parties do not propose any additional discovery limitations not already provided by the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's October 24, 2018 Order.

| | |
|---|---|
| Dated: November 7, 2018 | Respectfully Submitted, |
| /s/ Justin M. Ganderson<br>Justin M. Ganderson (VSB No. 71003)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>Tel: (202) 662-5422<br>Email: jganderson@cov.com | /s/ Anand V. Ramana (with permission)<br>Anand V. Ramana (VSB No. 65852)<br>VEDDER PRICE, P.C.<br>1401 I Street, N.W.<br>Suite 1100<br>Washington, D.C. 20005<br>Tel: (202) 312-3325<br>E-mail: aramana@vedderprice.com |
| David M. Given, Esq. (pro hac vice)<br>Matthew J. Feaver, Esq. (pro hac vice)<br>Nicholas A. Carlin, Esq. (pro hac vice)<br>PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP<br>The Presidio<br>39 Mesa Street, Suite 201<br>San Francisco, California 94129<br>Tel: (415) 398-0900<br>Email: dmg@phillaw.com<br>Email: mjf@phillaw.com<br>Email: nac@phillaw.com | *Attorney for National Rifle Association of America* |
| *Attorneys for Anish Kapoor* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anand V. Ramana (VSB No. 65852)
VEDDER PRICE P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
aramana@vedderprice.com

Blaine C. Kimrey
VEDDER PRICE P.C.
222 N. LaSalle St.
Ste 2600
Chicago, IL 60601
Tel: (312) 609-7865
Fax: (312) 609-5005
bkimrey@vedderprice.com

Bryan K. Clark
VEDDER PRICE P.C.
222 N. LaSalle St.
Ste 2600
Chicago, IL 60601
Tel: (312) 609-7810
Fax: (312) 609-5005
bclark@vedderprice.com

*Attorneys for National Rifle Association of America*

Jeffrey Scott Becker
SWANSON MARTIN & BELL LLP
330 N. Wabash Ave.
Chicago, IL 60611
Tel: (312) 321-8425
jbecker@smbtrials.com

*Attorney for Anish Kapoor*

/s/ Justin M. Ganderson
Justin M. Ganderson (VSB No. 71003)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-5422
Fax: (202) 662-6291
jganderson@cov.com

*Attorney for Anish Kapoor*