UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ANISH KAPOOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-1320 (LMB/TCB) |
| | ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 16(B) SCHEDULING ORDER

Upon consideration of the representations made by the parties in the Joint Discovery Plan (Dkt. 63), and by counsel for the parties at the initial pretrial conference held on November 14, 2018, and taking note of the Scheduling Order (Dkt. 44) entered in this case, the Court makes the following rulings:

1. All discovery shall be concluded by Friday, March 15, 2019.

2. The Joint Discovery Plan, as modified by the Court, is approved and shall control discovery to the extent of its application unless further modified by the Court.

3. All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by November 16, 2018.

4. No "general objection" may be asserted in response to any discovery demand except to preserve the attorney-client privilege and work product protection.

5. Expert disclosures shall be governed by the schedule set forth in paragraph 4 of the Joint Discovery Plan. To the extent the parties wish to modify these deadlines, they must seek leave of court.

6. If counsel believe that a settlement conference with the Court would be of assistance in resolving this dispute, they may arrange a settlement conference by contacting the undersigned magistrate judge's chambers.

7. To the extent they have not already done so, counsel shall inform their clients of their obligations regarding the preservation of discoverable information.

8. To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

9. To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the prospective filing of documents under seal.

10. The following provisions shall apply to the filing and noticing of all motions:

(a) All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions. All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3). An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be **delivered directly to the attention of the judge at the Clerk's Office** within one day of the electronic filing. See "Civil and Criminal Motions Procedures and other Alexandria Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b) All motions, except for summary judgment and consent motions, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference consistent with the briefing schedules discussed below. A consent motion should be filed in accordance with the

procedures provided on the Alexandria page of the Court's website referenced above. Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(c) Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K). As of December 1, 2016, Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response. The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs. Any dispositive motion against a pro se party must contain the notice set forth in Local Civil Rule 7(K) and provide the pro se party with at least 21 days to file a response opposing the motion.

(d) In order to provide for the prompt resolution of non-dispositive matters, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday. Under this expedited schedule, a response must be filed no later than 5:00 p.m. on the following Wednesday and any reply should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing in accordance with the briefing schedule provided in Local Civil Rule 7(F)(1) discussed above in order to provide additional time for briefing and consideration by the Court.

(e) All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment

3

must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(f) Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5. Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record. An unsealed, redacted version of the filing in issue shall be filed with the motion to seal. Filings under seal are disfavored and discouraged. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575-76 (4th Cir. 2004).

11. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

12. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the

event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

ENTERED this 14th day of November 2018.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ANISH KAPOOR,

                *Plaintiff*,

v.

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

                *Defendant*.

Civil Action No. 1:18-cv-1320 (LMB/TCB)

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26, Local Civil Rule 26, and this Court's Order of October 24, 2018, plaintiff Anish Kapoor ("Kapoor") and defendant National Rifle Association of America ("NRA," together with Kapoor, the "Parties"), by counsel, state as follows for their Proposed Discovery Plan.

1.   **Rule 26(f) Conference**: The Parties conducted their Rule 26(f) conference on November 2, 2018.

2.   **Fact Discovery**: *[handwritten: Plaintiff's position adopted by the Court /s/]*

    (a)   Plaintiff's Position: Because "[d]iscovery may begin as of receipt of th[e Court's October 24, 2018] Order" (ECF 44), Kapoor intends to commence discovery immediately. Kapoor understands that the NRA's primary defense is fair use, on which it bears the burden of proof. Although the NRA has indicated that it desires to stay (or limit significantly) discovery pending resolution of a motion for summary judgment that it would file, under an expedited briefing schedule, the issues identified by the NRA are factual in nature and will require discovery.

1

Delaying discovery will only further delay the resolution of this litigation. Kapoor plans to fully address the NRA's (a) request for an expedited summary judgment briefing schedule, and (b) request to stay (or limit significantly) discovery pending resolution of the NRA's motion for summary judgment after the NRA moves the Court for such relief or upon the Court's request.

(b) <u>Defendant's Position</u>: Case-dispositive fair use, *de minimis* use, transformative use, and First Amendment issues at the core of this case do not require discovery. The video at issue, which includes a brief image of Cloud Gate (or "the Bean"), and the political message the video conveys speak for themselves and are not in dispute. Accordingly, the NRA proposes that the parties brief summary judgment on these core issues in the very near future on an expedited schedule set by the Court at the November 14, 2018 scheduling conference and that discovery be stayed (or significantly limited) pending a ruling by the Court on summary judgment as to these issues. The NRA believes that no amount of discovery will affect, or is even relevant to, the fair use, *de minimis* use, transformative use, and First Amendment analysis. Discovery is simply not necessary to resolve this case based on those issues, and Kapoor has not and cannot articulate what discovery would be material to these case dispositive issues.

(c) If the Court agrees with Kapoor that discovery should proceed, all written fact discovery shall be served sufficiently in advance of March 15, 2019, so that responses are due on or before that date, and any notices of deposition shall be served sufficiently in advance of that date so that discovery can be concluded by that date.

3. **Initial Disclosures**: If discovery proceeds, the Parties propose that initial disclosures be exchanged by November 16, 2018.

4.  **Expert Disclosures**: Pursuant to Local Civ. R. 26(D)(2), the Parties propose that, if expert discovery proceeds, expert disclosures shall be served according to the following schedule if discovery proceeds:

| | |
|---|---|
| **Kapoor's Disclosures** | **January 15, 2019** |
| **NRA's Disclosures** | **February 15, 2019** |
| **Rebuttal Disclosures** | **March 1, 2019** |

5.  **Joinder of Parties**: At this time, the Parties do not anticipate joinder of additional parties. However, should subsequent circumstances warrant it, the Parties agree to join parties by December 12, 2018.

6.  **Amendment of Pleadings**: At this time, the Parties do not anticipate amendment of pleadings but reserve the right to move the Court for leave to amend should subsequent circumstances warrant it by December 12, 2018.

7.  **Preservation of Discoverable Information**: The Parties understand the importance of preserving discoverable information. The Parties believe they have taken reasonable steps to preserve all such information.

8.  **Electronically Stored Information**: The parties agree to work in good faith to coordinate the form and manner of production of electronically stored information.

9.  **Claims of Privilege & Protection of Trial Material**: The Parties agree that the party responding to discovery shall provide a privilege log for all responsive material for which a privilege is claimed. The log will set forth the bates number (if any) of the privileged document and identify (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion, in accordance with Fed. R. Civ. P. 26(b)(5)(A). No party will be required to put on the privilege log any

communications between a party and its counsel made in relation to this litigation if such documents were generated on or after June 19, 2018.

10. **Protective Order**: In the event a protective order is deemed necessary, the Parties shall work together to agree on a form.

11. **Non-Waiver of Attorney-Client Privilege and Work Product Protection**: The Parties propose that pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Parties intend that this proposed stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a Party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing Party and/or destroyed, at the producing Party's option. If the underlying claim

of Privilege or Protection is contested, the Parties shall comply with, and the requesting Party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing Party to request the return or destruction of the Document once the producing Party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question. "Destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means. "Actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

12. **Magistrate Judge**: The Parties do not consent to trial before a magistrate judge at this time.

13. **Settlement**: The Parties do not believe that a settlement is likely at this time. However, the Parties are aware of the mediation resources provided by the presiding United States Magistrate Judge and will contact chambers should the opportunity or need for mediation arise.

14. **Discovery Limitations**: The Parties do not propose any additional discovery limitations not already provided by the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's October 24, 2018 Order.

Dated: November 7, 2018

/s/ Justin M. Ganderson
Justin M. Ganderson (VSB No. 71003)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5422
Email: jganderson@cov.com

David M. Given, Esq. (pro hac vice)
Matthew J. Feaver, Esq. (pro hac vice)
Nicholas A. Carlin, Esq. (pro hac vice)
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
The Presidio
39 Mesa Street, Suite 201
San Francisco, California 94129
Tel: (415) 398-0900
Email: dmg@phillaw.com
Email: mjf@phillaw.com
Email: nac@phillaw.com

*Attorneys for Anish Kapoor*

Respectfully Submitted,

/s/ Anand V. Ramana (with permission)
Anand V. Ramana (VSB No. 65852)
VEDDER PRICE, P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
E-mail: aramana@vedderprice.com

*Attorney for National Rifle Association of America*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anand V. Ramana (VSB No. 65852)
VEDDER PRICE P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
aramana@vedderprice.com

Blaine C. Kimrey
VEDDER PRICE P.C.
222 N. LaSalle St.
Ste 2600
Chicago, IL 60601
Tel: (312) 609-7865
Fax: (312) 609-5005
bkimrey@vedderprice.com

Bryan K. Clark
VEDDER PRICE P.C.
222 N. LaSalle St.
Ste 2600
Chicago, IL 60601
Tel: (312) 609-7810
Fax: (312) 609-5005
bclark@vedderprice.com

*Attorneys for National Rifle Association of America*

Jeffrey Scott Becker
SWANSON MARTIN & BELL LLP
330 N. Wabash Ave.
Chicago, IL 60611
Tel: (312) 321-8425
jbecker@smbtrials.com

*Attorney for Anish Kapoor*

/s/ Justin M. Ganderson
Justin M. Ganderson (VSB No. 71003)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-5422
Fax: (202) 662-6291
jganderson@cov.com

*Attorney for Anish Kapoor*