1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
ANISH KAPOOR,                .   Civil Action No. 1:18cv1320
                             .
               Plaintiff,    .
                             .
      vs.                    .   Alexandria, Virginia
                             .   November 14, 2018
NATIONAL RIFLE ASSOCIATION   .   10:59 a.m.
OF AMERICA,                  .
                             .
               Defendant.    .
                             .
. . . . . . . . . . .        .
```

TRANSCRIPT OF INITIAL PRETRIAL CONFERENCE
BEFORE THE HONORABLE THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFF:          CHRISTINA M. COPSEY, ESQ.
                            Covington & Burling LLP
                            850 Tenth Street, N.W.
                            Washington, D.C. 20001
                              and
                            DAVID M. GIVEN, ESQ.
                            Phillips, Erlewine, Given &
                            Carlin LLP
                            The Presidio
                            39 Mesa Street, Suite 201
                            San Francisco, CA 94129


FOR THE DEFENDANT:          BLAINE C. KIMREY, ESQ.
                            Vedder Price PC
                            222 North LaSalle Street
                            Chicago, IL 60601
                              and
                            ANAND V. RAMANA, ESQ.
                            Vedder Price PC
                            1401 I Street, N.W., Suite 1100
                            Washington, D.C. 20005

(Pages 1 - 11)

(Proceedings recorded by electronic sound recording, transcript
 produced by computerized transcription.)

2

1    TRANSCRIBER:                    ANNELIESE J. THOMSON, RDR, CRR
                                     U.S. District Court, Fifth Floor
2                                    401 Courthouse Square
                                     Alexandria, VA 22314
3                                    (703)299-8595

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

P R O C E E D I N G S

1

2          THE CLERK:  Anish Kapoor v. National Rifle

3   Association of America, 18cv1320.  Counsel, please note their

4   appearances for the record.

5          MS. COPSEY:  Christina Copsey of Covington & Burling

6   on behalf of the plaintiff, Anish Kapoor; and with me is

7   cocounsel, David Given of Phillips, Erlewine, Given & Carlin,

8   also for the plaintiff.

9          THE COURT:  Okay.  Good morning.

10          MR. RAMANA:  Good morning, Your Honor.  May it please

11   the Court, Anand Ramana, with Vedder Price.  This is my partner

12   from the Chicago office, he's been admitted pro hac, Blaine

13   Kimrey.

14          MR. KIMREY:  Good morning, Your Honor.

15          MR. RAMANA:  He is lead counsel.

16          THE COURT:  Good morning.

17          All right.  So it seems the main dispute here is

18   whether or not to have discovery or how it should be shaped.

19   Let me -- the plaintiff didn't address in this what exactly you

20   want discovery for, to cover what.

21          MR. GIVEN:  Right.  So -- David Given for the

22   plaintiff, Your Honor.  Good morning.

23          THE COURT:  Good morning.

24          MR. GIVEN:  So as I understand it, well, first of

25   all, the focus of this case is going to be on affirmative

4

1    defenses, right?  The work was used without permission.  That's

2    the definition of copyright infringement.

3              THE COURT:  Right.

4              MR. GIVEN:  So the burden is with the defendants.  As

5    I understand their case, it's going to boil down to fair use.

6              THE COURT:  Right.

7              MR. GIVEN:  Fair use is circumscribed by the, by the

8    statute, section 107 of the Copyright Act.  There are four

9    factors.  That's, that's the -- basically, that's the crux of

10   the discovery, and I'd say of those four factors, probably the

11   first two or three are the ones that we're going to focus on.

12             For example, factor 1 is purpose and character of the

13   use.  Well, purpose raises the issue of intent.

14             THE COURT:  Um-hum.

15             MR. GIVEN:  What was the purpose of using

16   Mr. Kapoor's work in the offending video?  I ought to be able

17   to inquire into that.

18             THE COURT:  Um-hum.

19             MR. GIVEN:  And there's a leading case out of the

20   Second Circuit called *Cariou v. Prince*.  I have it with me.  I

21   can cite it to Your Honor if you'd like to look at it.

22             THE COURT:  Okay.

23             MR. GIVEN:  But that case is dead bang on point.  It

24   says that the issue of the intent -- the issue of intent,

25   purpose, intent of the user of the work is relevant to fair

5

1    use.  So that's what we're going to get into.

2            As far as the specific discovery, I mean, there's,

3    there's kind of a back-and-forth here on the other side.  They

4    say either shut it down entirely or limit it.

5            We're already limited by the rules.  I was waiting

6    for a responsive pleading before, excuse me, serving our

7    discovery.  We have that discovery ready to go.  I received a

8    responsive pleading yesterday.  We'll probably serve at least,

9    at the very least our request for documents today.

10            THE COURT:  Okay.

11            MR. GIVEN:  It consists of 20 requests.  It's all

12    targeted.  It's a very limited case, mind you.

13            THE COURT:  Right.

14            MR. GIVEN:  We're talking about one advertisement and

15    one work of art, and that's what our discovery is focused on.

16            THE COURT:  Okay.  Thank you.

17            Do you have anything to add?

18            MR. KIMREY:  Your Honor, may I?  Twenty document

19    requests doesn't sound like a very limited case, Your Honor.

20    So, the *Cariou* decision -- and I actually came prepared to talk

21    about that.  As you know, we don't believe that discovery is

22    necessary at all.  *Cariou* actually stands for the proposition

23    that you assess -- and the citation is 714 F.3d 694, and the

24    proposition for which I'm citing it is at pincite 707.  What

25    the court says is that you look at the meaning of the alleged

6

1    transformative use from the eye of the reasonable viewer.  So

2    you look at it objectively.

3             Now, I don't know if Your Honor has watched the

4    video.  It's only 60 seconds.

5             THE COURT:  All right.

6             MR. KIMREY:  It's on YouTube.  I commend it to you.

7    It's called "The Violence of Lies," and it is clear what the

8    message of the video is, what the transformative purpose of the

9    video is, and it is to criticize opponents of Second Amendment

10   rights.  That's clear on the face of the video.  It's clear

11   from the commentary that Dana Loesch, the commentator, engages

12   in; and, in fact, with respect to the very fleeting image of

13   The Bean, or of Cloud Gate -- I don't know if you've seen Cloud

14   Gate in Millennium Park, Your Honor.

15            THE COURT:  I have a son who lives in Chicago.  I've

16   been there.

17            MR. KIMREY:  So, it briefly flashes on the screen

18   when Dana Loesch says, "And then they used their ex-president

19   to endorse the resistance."  Okay.  She doesn't specifically

20   refer to Barack Obama, but that's clearly the person to whom

21   she's referring, and The Bean is used as a symbol of Chicago.

22   It's one of the most --

23            THE COURT:  Well, isn't that the question then, I

24   guess, is what -- why that symbol was used, why that piece of

25   art was used?  I mean, I know you're saying it was used as a

7

1    symbol of Chicago, but wouldn't the plaintiffs be entitled to

2    discover what exactly the point was in that -- in including

3    that?

4              MR. KIMREY:  Well, that's --

5              THE COURT:  I mean, your representation is one thing,

6    but it seems like they might be entitled to that and, I think,

7    a little more in discovery.

8              MR. KIMREY:  Well, that's obviously within your

9    discretion, Your Honor, but under the *Cariou* decision, what

10   matters is how an objective viewer would see the video, not how

11   the photographer saw capturing the image what his subjective

12   views were.

13             Incidentally, his subjective views are consistent

14   with what's objectively obvious, but we see, you know, deposing

15   in this instance for subjective intent to be completely

16   irrelevant in light of the acknowledgement by opposing counsel

17   that the standard that should apply here is the standard that

18   the Second Circuit adopted in *Cariou.*

19             Now, your colleague, Your Honor, Judge Brinkema,

20   actually has a decision that is almost squarely on all fours

21   with this case, and that is, the *Religious Technology Center v.*

22   *Lerma* case, which is at 908 F. Supp. 1362, and at 1366, what

23   Judge Brinkema says is:  Okay.  Typically, black letter law,

24   fair use is a blended fact and legal issue, but here *The*

25   *Washington Post*'s use of Church of Scientology liturgy in

1    writing about the Church of Scientology, so there were three

2    quotes in this article by *The Washington Post*, is so obviously

3    a fair use that I can decide this issue as a matter of law.

4                Now, it was under Rule 56, Your Honor.  It wasn't

5    under Rule 12(b)(6), it wasn't under Rule 12(c), so it was

6    under 56 procedurally, but she said:  I can as a matter of law

7    decide this issue.

8                So what we ask for, Your Honor, is under Local

9    Rule 56 of the Eastern District of Virginia, for leave to

10   virtually immediately file a motion for summary judgment that

11   addresses the fair use de minimis use in First Amendment issues

12   in this case.

13               What Mr. Kapoor is engaged in is viewpoint

14   discrimination.  He doesn't have -- he doesn't have a problem

15   with the cap- -- and I don't need discovery for this, but I

16   will depose him if we get into discovery, but he doesn't have a

17   problem with the brief use of the bean.  He has a problem --

18   this is actually in the complaint, Your Honor -- he has a

19   problem with the core political speech that was engaged in by

20   the NRA.  He has a problem with the NRA's message, and we want

21   to put that squarely before the Court right away in a

22   limited --

23               THE COURT:  What difference does that make?  Whether

24   he has a problem with the NRA or not, what difference does it

25   make?

9

1           MR. KIMREY:  It goes to copyright misuse.  It goes to

2    intent.  It goes to his selectively enforcing his copyright,

3    which is something that courts do consider in the fair use

4    analysis.

5           THE COURT:  All right.

6           MR. KIMREY:  So what we'd like to do, we're in the

7    original Rocket Docket.  Let's go really fast.  We'll get our

8    motion on file.  You know, they can say what they're entitled

9    to with the 56(F) affidavit.  The Court can determine whether

10   that's, you know, within or outside the scope, and we can move

11   right to judgment on those limited issues, but I can't move

12   under the local rules on those -- there are other issues in the

13   case, and they're all in our affirmative defenses and other

14   defenses in our answer.  I can't move on the limited issues

15   without leave of the Court under Local Rule 56.

16          THE COURT:  Okay.

17          MR. KIMREY:  So I ask that the Court grant me that

18   leave today.

19          THE COURT:  All right.  Thank you.  But -- I mean,

20   this is the Rocket Docket, but I think the plaintiff is

21   entitled to some discovery on these issues, but I don't expect

22   it to be a lot.  I don't think we need a lot of depositions or

23   anything like that.

24          MR. GIVEN:  Your Honor, I hadn't thought about

25   depositions off the top.  I will say first of all it's 56(D),

1    not 56(F).  It's ironic because we're here because in large

2    part, the NRA proffered a bunch of people and a bunch of

3    documents that they said were relevant to the case and that

4    therefore, because those people and documents were here, the

5    case should move from Chicago to Alexandria, Virginia.  So it's

6    sort of venire.

7                THE COURT:  Um-hum.

8                MR. GIVEN:  Putting that aside, we already have two

9    declarations, so on the, on the specific issue of depositions,

10   I just want to say we already have two declarations that have

11   been submitted in this matter, one by a person by the name of

12   Wayne LaPierre, who talks about his approval of the video.  We

13   should be able to take his deposition.

14               THE COURT:  All right.  Well, I don't want to get

15   into it, but what my point is here is that, I mean, I'm not

16   going to rule on discovery that you haven't issued yet.  My

17   point is that I hope that it is focused and I hope that it is,

18   is as limited as possible.  If there are objections to the

19   discovery, then I'll deal with it on a case-by-case basis.

20               MR. GIVEN:  I will say that I endeavor in every one

21   of my cases to keep my discovery targeted.

22               THE COURT:  Okay.  All right.  So I am going to allow

23   the discovery.

24               I don't think you had any other issues in this plan,

25   did you, any other areas of disagreement?

11

1          MR. GIVEN:  No other issues I can think of.

2          MR. KIMREY:  No, Your Honor.  The only -- the main

3    issue is the one I raised early to the Court just now with

4    respect to leave to move for summary judgment on limited

5    issues.

6          THE COURT:  Well, you're only allowed summary

7    judgment, one bite in this court, so I'd suggest that you hold

8    off because I think it would perhaps be better positioned once

9    we get through a little bit of discovery here, but once the

10   initial discovery is done, I mean, it's up to you as to when

11   you want to file it, but you only get it once, so you might

12   want to wait until you're sure that there's no facts in

13   dispute, okay?

14         All right.  So I'm going to amend this order, and

15   I'll enter it today.  Thank you.

16         MR. GIVEN:  Thank you, Your Honor.

17         MR. KIMREY:  Thank you, Your Honor.

18         MS. COPSEY:  Thank you, Your Honor.

19                         (Which were all the proceedings

20                          had at this time.)

21              CERTIFICATE OF THE TRANSCRIBER

22       I certify that the foregoing is a correct transcript from

23   the official electronic sound recording of the proceedings in

24   the above-entitled matter.

25   _____
                       /s/
                  Anneliese J. Thomson